IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERROLD JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 15-3241 |
| | ) |
| RANDY PHISTER, | ) |
| | ) |
| Respondent. | ) |

OPINION

RICHARD MILLS, U.S. District Judge:

Jerrold Johnson has filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Also pending is the Respondent's Motion for Summary Judgment.

I. BACKGROUND

In the Circuit Court of Adams County, Illinois, Petitioner Jerrold Johnson was convicted of armed robbery and sentenced to life imprisonment. The appellate court affirmed the Petitioner's conviction and sentence. The Petitioner filed a petition for leave to appeal (PLA), which the Illinois Supreme Court denied on September 29, 2010.

The 90-day period for seeking certiorari from the United States Supreme Court under Supreme Court Rule 13 ended on December 28, 2010, with the Petitioner filing a writ of certiorari.

Eighty days later, on March 18, 2011, the Petitioner filed a state post-conviction petition. The state petition was dismissed. The Petitioner appealed and the appellate court was affirmed.

Subsequently, the Petitioner filed a post-conviction PLA which was denied by the Illinois Supreme Court on September 24, 2014.

It was 328 days after the Illinois Supreme Court's denial of his PLA–on August 18, 2015–that Petitioner mailed his Petition under § 2254 to this Court.

In May 2015, more than two months before the Petitioner filed a federal habeas corpus petition, he wrote this Court and unsuccessfully requested a prospective extension of the statutory limitation period for filing such a petition. In that request, the Petitioner asserted his belief that, absent an extension, his federal petition would be due on September 24, 2015–i.e., one year after the Illinois Supreme Court denied review in his

state post-conviction action.

## II. LEGAL DISCUSSION

The Respondent contends that the petition under § 2254 is untimely pursuant to the one-year limitations period in 28 U.S.C. § 2244(d)(1). The statute provides four triggering dates for calculating the limitations period. Because the Petitioner's allegations do not suggest a later starting date under § 2244(d)(1)(B)–(D), the Court concludes the one that is applicable here is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(2) tolls the period while a properly filed collateral attack is pending in state court.

In this case, the Petitioner's conviction became final when the 90-day period for seeking certiorari on direct review expired: December 28, 2010. *See Lozano v. Frank*, 424 F.3d 554, 555 (7th Cir. 2005) (conviction became final when the time for filing a certiorari petition expired). From December 29, 2010 through March 17, 2011, 79 days elapsed without any tolling.

The Petitioner stopped the clock under § 2244(d)(2) by filing a post-conviction petition on March 18, 2011. Post-conviction proceedings concluded on September 24, 2014, when the Illinois Supreme Court denied the Petitioner's post-conviction PLA. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007) (no tolling during the 90-day period for seeking certiorari after highest state court denies post-conviction relief).

The federal petition was mailed 328 days later, on August 18, 2015. When the 79 days that had already elapsed between the end of direct review and the start of post-conviction review are added, the result is that the federal petition was filed 407 days after the judgment became final.

The Petitioner alleges that the limitations period should be equitably tolled in his case. He claims that he suffers from a neurological disorder, the symptoms of which affected his ability to file a timely petition. The Seventh Circuit has held that in certain circumstances, equitable tolling may be available for mental disability. *See Davis v. Humphreys*, 747 F.3d 497 (7th Cir. 2014).

The Petitioner seeks an extension of time under Federal Rule of Civil

Procedure 6(b), which permits courts to grant extensions of time in certain circumstances. The Court concludes this "does not apply to time periods set out in statutes." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2002).

The judge-made doctrine of equitable tolling can apply to suspend the habeas deadline when a petitioner identifies (1) an extraordinary circumstance that (2) actually prevents timely filing, so long as (3) the prisoner has diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). A simple miscalculation of the deadline–whether by a licensed attorney or by a pro se petitioner–cannot trigger equitable tolling because such mistakes are "garden variety" and "all too common." *See Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010).

The Petitioner's May 2015 motion for a prospective extension of the federal deadline reveals that he was aware of the one-year statute of limitations and that he had even calculated what he believed to be the deadline. The Petitioner miscalculated by assuming that the one-year limitations period runs from the conclusion of state post-conviction review,

rather than from the conclusion of direct review. He may have misunderstood that § 2244(d)(2) merely tolls rather than restarts the federal limitations period during post-conviction proceedings--and thus for the fact that some untolled time had already accrued between the end of his direct review and the start of state post-conviction review.

The Court concludes that was a discrete, garden-variety miscalculation of the limitations period. The Petitioner could have revisited the matter later if his neurological condition gave him cause to doubt his legal acumen. This was an "all too common" mistake which cannot support equitable tolling in this case. *See Obriecht v. Foster*, 727 F.3d 744, 749-50 (7th Cir. 2013) (routine miscalculations do not trigger equitable tolling).

Because the Petitioner knew of the federal deadline and simply miscalculated it, the Court concludes that the Petitioner cannot show that any impairment played a significant and extraordinary role in preventing a timely filing. The Plaintiff's general allegations that he faced difficulty with timekeeping and memory "on numerous occasions and for various periods" over the years do not establish the Petitioner's inability to

6

determine his federal deadline and file a petition between September 2014 and mid-2015. *See Boulb v. United States*, 818 F.3d 334, 340-41 (7th Cir. 2016) (noting the importance of specificity of allegations); *see Griffith*, 614 F.3d at 331 ("An illness that justifies a belated state filing does not automatically justify an untimely federal filing more than a year later."); *Miller v. Runyon*, 77 F.3d 189, 192 (7th Cir. 1996) (when litigant's "illness is controlled he can work and attend to his affairs, including the pursuit of any legal remedies that he may have" – a fact that defeats equitable tolling in civil cases if litigant's lucid periods are lengthy).

Because the federal petition was filed after the one-year deadline, it is untimely pursuant to § 2244(d)(1)(A). The Petitioner is unable to show that any impairment justifies equitable tolling in this case. Accordingly, the petition under § 2254 will be denied.

The Court further finds that Petitioner is not entitled to a certificate of appealability because the Petitioner has not "made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2).

When the Court denies a petition on procedural grounds without

reaching the underlying constitutional claim, a certificate of appealability should issue only if the Petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Petitioner has not shown that jurists of reason would find it debatable that the petition states a valid claim of the denial of a constitutional right.

Because jurists of reason also would not find it debatable whether the procedural ruling was correct, moreover, the Court declines to issue a certificate of appealability.

Ergo, the Respondent's Motion for Summary Judgment [d/e 16] is ALLOWED.

The Petition of Jerrold Johnson for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [d/e 1] is DISMISSED with prejudice.

The Petitioner's Motion to Stay [d/e 6] is DENIED as moot.

The Petitioner's Motion to Request Counsel [d/e 7] is DENIED as

moot.

The Petitioner's Motion to Request Counsel [d/e 10] is DENIED as moot.

The Court declines to issue a certificate of appealability.

The Clerk will enter Judgment and terminate the case.

ENTER: October 4, 2016

        FOR THE COURT:

                          */s/ Richard Mills*
                          Richard Mills
                          United States District Judge